LIBERTY DRESSING Co., INC., Respondent, *v.* L. W. FOSTER SPORTS-WEAR Co., INC., Appellant.

Third Department, August 1, 1961.

*Robert P. Best* for appellant.

*Maider, Smith & Maider* (*Robert L. Maider* of counsel), for respondent.

*Per Curiam.* Defendant appeals from an order of the Supreme Court at Special Term which denied its motion to vacate plaintiff's notice of examination of defendant before trial and granted plaintiff's cross motion for such examination.

Although the action was commenced January 8, 1959, plaintiff has not yet filed a note of issue and apparently undertook no pretrial procedures until after defendant had filed note of issue, with the required statement of readiness, when plaintiff then

served the notice of examination before us; this some 14 months after joinder of issue and 4 months after defendant's pretrial examination of plaintiff and 4 months, as well, after service of defendant's bill of particulars. Plaintiff did not, when serving notice of examination or upon its motion therefor or at any other time, move to strike the case from the calendar in accordance with the procedural requirements of the Special Rule Respecting Calendar Practice,* pursuant to which defendant's statement of readiness was filed. The effect of plaintiff's failure so to move was to waive its right to take the defendant's deposition and since plaintiff has made no factual showing of any special, unusual or extraordinary circumstances, and the Special Term found none, the motion to vacate should have been granted. (*Price* v. *Brody,* 7 A D 2d 204 [1st Dept.]; *Norman* v. *Pyramid Cranes Co.,* 3 A D 2d 927 [2d Dept.]; *Hoover* v. *Ruth,* 8 Misc 2d 496 [3d Dept.]; *Cerrone* v. *S'Doia,* 11 A D 2d 350 [4th Dept.].)

The moving affidavit not only referred to the note of issue and statement of readiness but, in addition, set forth the dates of defendant's completion of pretrial procedures and alleged that plaintiff had had ample opportunity to move for the examination now sought. Hence it is not important whether the readiness rule was or was not stressed upon argument before Special Term. Further, we are bound to note that the rule was adopted in aid of all litigants having cases upon calendars and not for the benefit of those choosing to invoke it, and the responsibility for its enforcement rests upon the court.

The order should be reversed, on the law and the facts and in the exercise of discretion; and defendant's motion to vacate should be granted and plaintiff's cross motion denied, with $10 costs.

---

* Special Rule Respecting Calendar Practice (Appellate Division, 3d Dept.) providing, in pertinent part, as follows:

" A. No case may be placed on any calendar unless a statement is filed with the note of issue, with proof of service of a copy thereof on the attorneys for all other parties, or unless such note of issue has annexed thereto a stipulation, signed by the attorneys for all parties to the action, that:

" 1. (a) all necessary or proper proceedings allowed by article 29 of the Civil Practice Act, by Rules 115, 116 and 121-a of the Rules of Civil Practice, and by the rules of this court applicable to notes of issue, have been completed by all parties, or if not completed

" (b) there has been a reasonable opportunity to complete such proceedings, or

" (c) the parties do not intend to conduct any such proceedings; and

" (d) the case is ready for trial.

" Within twenty days after filing the note of issue and said statement, any party may move to strike the case from the calendar upon an affidavit indicating in what respects the case is not ready for trial."

HERLIHY, J. (dissenting). I dissent and vote to affirm. From a reading of the decision of Special Term and the resultant order, it is apparent that the issue of the " readiness rule " was not argued before or decided by that court and the affidavits of the appellant, as contained in the record before this court, set forth facts which show that both before and after the entry of the order of Special Term, there existed circumstances which were special, unusual and extraordinary and which justify our exculpation of the plaintiff from failure to move to vacate the note of issue, which contained the statement of readiness, and it further appears the interests of justice will be best served by allowing the examination as ordered by the Special Term, subject to the designation of a new date.

The decisions cited by the majority are not pertinent or controlling as in each of those cases the " readiness rule " formed the basis for the determination of the motion by Special Term.

That the " readiness rule " should be strictly enforced is academic but not under circumstances such as revealed in this record.

BERGAN, P. J., GIBSON, REYNOLDS and TAYLOR, JJ., concur in Per Curiam opinion; HERLIHY, J., dissents in a memorandum.

Order reversed on the law and the facts and in the exercise of discretion; defendant's motion to vacate granted and plaintiff's cross motion denied, with $10 costs.